IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN GABRIEL TREVINO | §§ §§ | |
| Plaintiff, | §§ §§ | |
| vs. | §§ §§ | CIVIL ACTION NO. _____ |
| CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA), N.A., CAPITAL ONE BANK, N.A. | §§ §§ §§ §§ | |
| Defendants. | §§ §§ | |

**DEFENDANTS' NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION**

Defendants CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA), N.A., and CAPITAL ONE, N.A. (incorrectly identified in the Petition as "Capital One Bank, N.A.) file this Notice of Removal Based on Diversity Jurisdiction under 28 U.S.C. § 1332(a) and would respectfully show the Court the following:

### I. INTRODUCTION

1. On or about December 21, 2010, Juan Gabriel Trevino ("Plaintiff") filed a petition in the 107th Judicial District Court of Cameron County, Texas naming Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively "Capital One") as Defendants.

2. Defendants were served with the state court suit on or about December 21, 2010. On January 18, 2011, Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A., filed their Original Answer and Counterclaim in the state court action.

3. This Notice of Removal is being filed within 30 days after receipt by all Defendants of a pleading "from which it may first be ascertained that the case is one which is or has become removable" and is less than one year after commencement of the action. 28 U.S.C. § 1446(b).

## II. PARTIES

4. Plaintiff is a natural person residing in Cameron County, Texas and is therefore a citizen of Texas for jurisdictional purposes. *See* 28 U.S.C. § 1332.

5. Defendant Capital One Financial Corporation is a Delaware corporation with its principal place of business in McLean, Virginia and is therefore a citizen of Delaware and Virginia for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1).

6. Defendant Capital One Bank (USA), N.A. is a national banking association organized and chartered under the laws of the United States with its main office in McLean, Virginia. Thus, Defendant Capital One Bank (USA), N.A. is a citizen of the State of Virginia for jurisdictional purposes. *See* 28 U.S.C. § 1332(a); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).

7. Defendant Capital One, N.A. is also a national banking association with its main office in McLean, Virginia. Thus, Defendant Capital One, N.A. is a citizen of the State of Virginia for jurisdictional purposes. *Id.*

## III. BASIS FOR REMOVAL

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because (1) complete diversity exists between Plaintiff, which is a citizen of the State of Texas, and the Defendants, which are either citizens of the State of Virginia or citizens of the State of Virginia and the State of Delaware; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV. REMOVAL HAS BEEN PROPERLY EFFECTED

9. In accordance with 28 U.S.C. § 1446(a) and Local Rule LR81, the following documents are attached hereto as exhibits:

> Exhibit "1" – All executed process in this case;
>
> Exhibit "2" – Pleadings asserting causes of action and all answers to such pleadings;
>
> Exhibit "3" – Any orders signed by state judge [none]
>
> Exhibit "4" – The docket sheet;
>
> Exhibit "5" – An index of matters being filed; and
>
> Exhibit "6" – A list of all counsel of record, including addresses, telephone numbers and parties represented.

According to the docket sheet, there are no orders signed by the state judge. *See* Exhibit "3."

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

11. The Plaintiff has demanded a jury trial. (Petition at ¶ 20).

12. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

## V. NO WAIVER

13. By virtue of this Notice of Removal, Defendants do not waive their rights to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

## VI. THE AMOUNT IN CONTROVERSEY EXCEEDS THIS COURT'S JURISDICTIONAL AMOUNT

14. In addition to diversity of citizenship, 28 U.S.C.A. § 1332(a) requires that the amount in controversy exceed $75,000 exclusive of interest and costs in order to confer diversity jurisdiction on the court. Where, as here, a plaintiff seeks recovery of an unspecified amount,

diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). This burden may be met if "it is facially apparent" from the petition that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The determination of whether jurisdiction is facially apparent is left to the court's intuition and common sense. *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not facially apparent, the removing defendant may use summary judgment-type evidence to establish that the amount in controversy exceeds $75,000. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

15. While Plaintiff's Petition does not specify the amount of requested damages, it nonetheless is facially apparent that the damages exceed the $75,000 jurisdictional threshold. Plaintiff asserts four causes of action against Capital One, including negligence, false imprisonment, defamation, and defamation per se and seeks past and future damages for mental anguish, injury to reputation, financial losses and attorneys' fees. (Petition at ¶ 11-16). Though Capital One disputes that it is liable for any damages, Texas juries frequently award successful plaintiffs damages in excess of $75,000.00 for similar claims regarding allegations of criminal activity. *See e.g., Burton v. Bentley*, 153 S.W.3d 50, 53 (Tex. 2004)(upholding jury verdict for $150,000 in compensatory damages for defamatory statements that accused plaintiff of criminal activity); *Borden Inc. v. Rios*, 850 S.W.2d 821 (Tex. App.—Corpus Christi 1993)(finding legally sufficient evidence to support award of $841,000 in compensatory damages and $3,000,000 in exemplary damages for defamatory statements that accused plaintiff of criminal activity).

16. Plaintiffs also request punitive or exemplary damages. (*Id.* at ¶ 17). For jurisdictional purposes, the amount in controversy includes punitive damages. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 n.7 (5th Cir. 1998). Although Capital One denies that Plaintiff is entitled to punitive or exemplary damages of any kind, the Texas Civil Practice and Remedies Code authorizes the award of such damages in appropriate cases in an amount not to exceed the greater of: (1) twice the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000. Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b).

17. Accordingly, based on the numerous causes of action asserted against Defendants, the request for past and future damages for mental anguish, injury to reputation, and financial losses and attorneys' fees, and the request for exemplary damages that can—*at the least*—equal $200,000, it is facially apparent that the amount in controversy exceeds $75,000, the jurisdictional minimum for removal. *See* 28 U.S.C. § 1332(a).

## VII. <u>CONCLUSION</u>

24. The removing Defendants pray that the filing of this Notice of Removal, the giving of written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the this Court shall effect removal of said suit to this Court.

Date: January 20, 2011

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Robert L. Soza Jr.
    ROBERT L. SOZA, JR.
    "Attorney-in-charge"
    State Bar No. 18869300
    Southern District Bar No. 16583
    Elena P. Villaseñor
    State Bar No. 24047039
    Southern District Bar No. 638077
    Matthew J. Swantner
    State Bar No. 24066169
    Southern District Bar No. 1041800
    112 E. Pecan Street, Suite 2400
    San Antonio, Texas 78205
    Telephone (210) 978-7700
    Facsimile (210) 978-7790

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANTS' NOTICE OF REMOVAL has been served to the following counsel on this the 20th day of January, 2011:

| | |
|---|---|
| Frank Costilla<br>Law Offices of Frank Costilla<br>5 East Elizabeth Street<br>Brownsville, Texas 78520 | By Certified Mail, RRR<br>#7160 3901 9849 0606 7743 |
| Jose R. Hernandez<br>Law Offices of Jose R. Hernandez, P.C.<br>1325 Palm Blvd.<br>Brownsville, Texas 78520 | By Certified Mail, RRR<br>#7160 3901 9849 0606 7750 |

    /s/ Robert L. Soza Jr.
    Robert L. Soza, Jr.